IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOE ORONA,

      Plaintiff,

v.                                                                          Civ No. 11-313 LH/GBW

PATTERSON-UTI DRILLING CO. LLC,
or PATTERSON-UTI INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on two motions to dismiss: 1) Defendant's

Motion to Dismiss Pursuant to Rule 12(B)(6) or Alternatively Motion for a More Definite

Statement Under Rule 12(e) ("First Motion to Dismiss"), filed April 21, 2011 (Doc. 6); and 2)

Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Damages for Personal Injury

("Second Motion to Dismiss"), filed June 17, 2011 (Doc. 26).

After Defendant filed its First Motion to Dismiss, Plaintiff filed a Motion to Amend

Complaint for Damages for Personal Injury, which Defendant did not oppose. (Doc. 14.) On

June 15, 2011, this Court granted Plaintiff's motion, ordering Plaintiff to amend his Complaint

within seven days and ordering Defendant to formally withdraw its First Motion to Dismiss if

the proposed Amended Complaint rendered it moot.  (Doc. 23.)  Plaintiff filed his Amended

Complaint for Damages for Personal Injury ("Amended Complaint") on June 16, 2011.  (Doc.

24.)  Defendant did not, however, formally withdraw its First Motion to Dismiss, instead

"reurg[ing] its request" via its Second Motion to Dismiss.  (Doc. 26).  Nevertheless, because

Plaintiff's original Complaint is no longer the operative pleading in this matter, Defendant's

First Motion to Dismiss is rendered moot.

Plaintiff's Amended Complaint asserts a negligence cause of action against Defendant.

In its Second Motion to Dismiss, Defendant claims that Plaintiff's Amended Complaint, like his

original complaint, is an "unadorned, the-defendant-unlawfully-harmed-me accusation [ ]

supported only by naked assertions devoid of factual enhancement." (Doc. 26, at 4.)  Defendant

maintains that the Amended Complaint offers only conclusory allegations and formulaic

recitations of the elements of a negligence cause of action, which are insufficient under Rule

12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 26, at 2-4.)  The Court, having

considered the parties' arguments and the relevant law, and otherwise being fully advised in the

premises, finds that the Defendant's First Motion to Dismiss (Doc. 6) should be **denied as moot**

and that Defendant's Second Motion to Dismiss (Doc. 26) should also be **denied**.

## I.  STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a

complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P.

12(b)(6).  The sufficiency of a complaint is a question of law, and when considering a motion to

dismiss pursuant to Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations

in the complaint, view those allegations in the light most favorable to the non-moving party, and

draw all reasonable inferences in the plaintiff's favor.  *See Moore v. Guthrie*, 438 F.3d 1036,

1039 (10th Cir. 2006).  Further, in order to withstand a Rule 12(b)(6) motion, a complaint must

contain "enough facts to state a claim to relief that is plausible on its face."[1]  *Bell Atlantic Corp.*

---

[1] Curiously, Plaintiff suggests that neither *Twombly* nor *Iqbal* are appropriate authority in this matter given the contexts under which they were decided.  However, the Supreme Court made abundantly clear in *Iqbal* that its "decision in *Twombly* expounded the pleading standard for 'all civil actions'" and was not limited to anti-trust actions.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009).  Moreover, the Tenth Circuit has not hesitated to apply the language and rationale of both *Twombly* and *Iqbal* when considering the factual specificity required in complaints under Rule 12(b)(6) in various civil contexts.  *See, e.g., Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010).

*v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation

omitted).  If a plaintiff cannot nudge the claims "across the line from conceivable to plausible,"

the complaint must be dismissed.  *Id.* at 1950-51.

In *Twombly*, the United States Supreme Court invalidated the longstanding rule that a

complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief."  *Twombly*, 550 U.S at 546 (referencing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The Court reasoned that the previous standard, the *Conley* standard, proved problematic because

it suggested that "a wholly conclusory statement of a claim would survive a motion to dismiss

whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of

[undisclosed] facts' to support recovery."  *Twombly*, 550 U.S. at 561 (quoting *Conley*, 355 U.S.

at 45-46).  The Court noted that under the *Conley* standard defendants were forced to bear the

burden and expense of discovery before they were afforded a real opportunity to seek the

dismissal of groundless claims, while plaintiffs could use the burdensome discovery process as

leverage to induce otherwise unjustified settlement of groundless claims.  *See Twombly*, 550

U.S. at 557-59.        Two "working principles" underlie the *Twombly* standard.  *Iqbal*, 129 S.

Ct. at 1949.

> First, the tenet that a court must accept as true all of the allegations contained
> in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the
> elements of a cause of action, supported by mere conclusory statements, do
> not suffice. . . . Second, only a complaint that states a plausible claim for
> relief survives a motion to dismiss.  Determining whether a complaint states a
> plausible claim for relief will . . . be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense.

*Id.* at 1949-50 (internal citations omitted).  Thus, in order to evaluate a motion to dismiss, courts engage in a two-part inquiry, initially identifying those allegations that are nothing more than legal conclusions and therefore "not entitled to the assumption of truth" and then considering whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1951.

## II.  ANALYSIS

Significantly, the degree of factual specificity that is necessary to establish plausibility and fair notice depends on the context of the case. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).  Less factual specificity is required for negligence claims than for some other types of claims. *See id.*  The Tenth Circuit has noted, for instance, that "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Id.*   Likewise, Form 11, which is appended to the Federal Rules of Civil Procedure, provides the following example of a "Complaint for Negligence":

> 1.  (Statement of Jurisdiction – See Form 7.)
> 2.  On *date*, at *place*, the defendant negligently drove a motor vehicle against the plaintiff.
> 3.  As a result, the plaintiff was physically injured, lost wages or income, suffered physical and mental pain, and incurred medical expenses of $_____.
>  Therefore, the plaintiff demands judgment against the defendant for $_____, plus costs.

Form 11, Forms App., Fed. Civ. Rules Civ. Pro., 28 U.S.C., p. 314.

Here, Plaintiff alleges in his Amended Complaint that Defendant was negligent in the following ways:  by failing to provide a safe place to work, by failing to keep a proper lookout, by directing work to be performed in an unsafe manner, by failing to provide safe equipment,

and by failing to properly hire, supervise, and train its employees.  These allegations, in themselves, would be insufficient under *Twombly* and *Iqbal*, as they are essentially legal conclusions that must be disregarded for purposes of determining plausiblity.  Factually, though, Plaintiff also alleges that he was working for a contractor that was assisting Defendant in setting down hole casing for a well in Lea County, New Mexico, when an employee of Defendant caused a forty-foot joint of casing to strike him, resulting in injuries to Plaintiff's shoulder, neck and back.  (Doc. 24, at ¶¶ 6-7.)  According to Plaintiff, Defendant's employee, who had no or limited on-the-job experience, had been warned at least twice to be careful with the casing. (*Id*. at ¶¶ 8-9.)

While Defendant characterizes Plaintiff's allegations – particularly the allegations that Defendant and his employee caused a joint of casing to strike Plaintiff and injure him – as mere legal conclusions, the Court disagrees.  Like many plaintiffs, Plaintiff has certainly incorporated some legal conclusions and formulaic recitations of elements into his complaint.  (*See, e.g.*, Doc. 24, at ¶ 10.)  However, the Court concludes he has also alleged adequate facts to state a negligence claim that is plausible on its face and which gives sufficient notice to Defendant as to the basis of his suit.  For instance, Plaintiff has provided details regarding when and where the subject incident took place, has indicated that it was one of Defendant's employees who struck him with casing, and claims that he suffered physical injuries to particular parts of his body. Plaintiff also provides additional factual support for his claim by asserting that the employee who struck him had inadequate experience and had been warned twice to be careful with the casing.  Notably, these allegations approximate if not surpass the level of factual detail provided in Form 11 of the appendix to the Federal Rules of Civil Procedure.

Moreover, it is reasonable to infer from these factual allegations – taken as true for

purposes of Defendants' motion – that Defendant was negligent in failing to provide a safe place

to work, failing to keep a proper lookout, directing work to be performed in an unsafe manner,

failing to provide safe equipment, and failing to properly hire, supervise, and train the employees

responsible for setting casing.  It is also reasonable to infer that such negligence was the

proximate cause of Plaintiff's injuries.  In effect, Plaintiff's factual allegations nudge his

negligence claim across the line from conceivable to plausible, even when the legal conclusions

and formulaic recitation of elements are disregarded.  The Court, therefore, concludes that

Plaintiff's Amended Complaint contains sufficient allegations to survive Defendant's motion to

dismiss.  Discovery and/or evidence presented at trial, in turn, will determine whether there is

sufficient evidence to support that claim.

## III.  CONCLUSION

For all of these reasons, the Court concludes that Plaintiff's Amended Complaint contains

sufficient factual allegations to satisfy Rule 8 and to survive Defendant's motion to dismiss under

Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule

12(B)(6) or Alternatively Motion for a More Definite Statement Under Rule 12(e), filed April 21,

2011 (Doc. 6), is hereby **denied as moot** and that Defendant's Motion to Dismiss Plaintiff's

Amended Complaint for Damages for Personal Injury, filed June 17, 2011 (Doc. 26), is hereby

**denied**.

_____
SENIOR UNITED STATES DISTRICT JUDGE